UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-2713

REYNER MAYA,

Plaintiff,

v.

S&F GLASS LLC,
a Florida limited liability company;
ELIOENAI SOUSA MARTINEZ, individually;
and LIZ FLEITAS, individually,

Defendants.

_____________________________________________/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, REYNER MAYA ("Plaintiff"), by and through undersigned counsel, sues Defendants S&F GLASS LLC ("S&F Glass"), ELIOENAI SOUSA MARTINEZ ("Sousa Martinez"), and LIZ FLEITAS ("Fleitas") (collectively, "Defendants"), and alleges as follows:

## **PARTIES AND NATURE OF THE ACTION**

1. This is an action to recover unpaid overtime compensation and unpaid minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219 ("FLSA"), together with liquidated damages, attorney's fees, and costs under 29 U.S.C. § 216(b), and to recover unpaid wages under Florida law.

2. Plaintiff is an individual residing in Lee County, Florida. At all material times, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

3. S&F Glass is a Florida limited liability company, Florida Document No. L23000324460, with its principal place of business at 1097 Lovely Lane, North Fort Myers, Florida 33903, in Lee County. S&F Glass is in the business of installing impact-resistant windows and doors at residential and commercial job sites in Southwest Florida.

4. On September 25, 2026, the Florida Department of State, Division of Corporations, administratively dissolved S&F Glass for failure to file its annual report. S&F Glass has not been reinstated. Upon information and belief, Sousa Martinez continues to operate the business, both under the S&F Glass name and through other corporations or business entities.

5. Upon information and belief, notwithstanding its administrative dissolution, S&F Glass continues to carry on its ordinary business of installing impact windows and doors, activity that goes well beyond winding up its affairs.

6. An administratively dissolved Florida limited liability company continues its existence as an entity. § 605.0714(3), Fla. Stat. S&F Glass therefore remains subject to suit, and its administrative dissolution does not relieve it, or any other Defendant, of liability under the FLSA.

7. At all material times, S&F Glass was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

8. Sousa Martinez is an individual who, upon information and belief, resides in Lee County, Florida. At all material times, Sousa Martinez was the owner and operator of S&F Glass. The records of the Florida Division of Corporations list Sousa Martinez as the authorized member and registered agent of S&F Glass.

9. Fleitas is an individual who, upon information and belief, resides in Lee County, Florida, and is the spouse of Sousa Martinez. At all material times, Fleitas participated in managing and operating S&F Glass and exercised operational control over its day-to-day business, as more fully alleged below.

10. At all material times, Sousa Martinez and Fleitas each acted directly or indirectly in the interest of S&F Glass in relation to Plaintiff, and each was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), as more fully alleged below.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a), because that claim arises from the same employment

relationship and the same unpaid work as the FLSA claims and forms part of the same case or controversy.

13. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because all Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in Lee County, Florida. The Fort Myers Division is the division to which this action is most directly connected. M.D. Fla. Local Rule 1.04(b).

14. All conditions precedent to this action have occurred, been performed, or been waived or excused.

**FLSA COVERAGE**

15. At all material times, including calendar years 2025 and 2026, S&F Glass was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s)(1).

16. At all material times, S&F Glass had two or more employees, including Plaintiff, who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce by any person. Those goods and materials included, upon information and belief, impact-resistant windows and doors, glass, aluminum frames, anchors, fasteners, sealants, power tools, ladders, and vehicles manufactured outside Florida.

17. Upon information and belief, S&F Glass had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, in each of calendar years 2025 and 2026.

18. During the relevant period, S&F Glass employed approximately ten employees, including Plaintiff.

## GENERAL ALLEGATIONS

### A. Plaintiff's Employment, Hours, and Pay

19. Defendants employed Plaintiff as a helper from on or about March 21, 2025, through on or about August 28, 2026.

20. Plaintiff's duties consisted of manual labor installing impact windows and doors at Defendants' various job sites. Plaintiff did not supervise other employees, did not hire or fire, and did not exercise discretion or independent judgment on matters of significance.

21. Plaintiff was a non-exempt employee entitled to overtime compensation under 29 U.S.C. § 207.

22. Defendants paid Plaintiff an hourly rate of $21.00 by direct deposit.

23. Defendants required Plaintiff to work Monday through Friday from 7:00 a.m. to 5:30 p.m., with a 30-minute unpaid meal period, for approximately 10 hours worked per day and approximately 50 hours worked per week.

24. In addition, Defendants required Plaintiff to work approximately two Saturdays per month from 7:00 a.m. to 5:30 p.m., for approximately 10 additional hours in each of those weeks, bringing his total in those weeks to approximately 60 hours.

25. Plaintiff therefore regularly worked approximately 10 to 20 hours in excess of 40 hours per workweek throughout his employment.

26. Defendants did not require or permit Plaintiff to clock in and out and, upon information and belief, did not make, keep, or preserve accurate records of the hours Plaintiff worked, as required by 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

27. Defendants did not provide Plaintiff with paystubs or any other statement of the hours he worked or the wages he was paid.

28. Defendants did not pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay, or $31.50 per hour, for hours worked in excess of 40 per workweek. Instead, in every workweek other than his final workweek, Defendants paid Plaintiff his straight-time rate of $21.00 for all hours worked, including hours over 40, and failed to pay the additional half-time premium of $10.50 for each overtime hour.

**B. The Unpaid Final Workweek**

29. During Plaintiff's final workweek, Monday, August 24, 2026, through Friday, August 28, 2026, Plaintiff worked five days and approximately 50 hours.

30. Defendants paid Plaintiff nothing for the work he performed in his final workweek, neither straight-time wages nor overtime compensation.

31. Plaintiff's employment with Defendants ended on or about August 28, 2026.

**C. Willfulness and Lack of Good Faith**

32. Defendants set Plaintiff's schedule, including the Saturday work, and directly supervised Plaintiff on the job sites. Defendants therefore knew that Plaintiff regularly worked more than 40 hours per week.

33. Defendants knew, or showed reckless disregard for whether, their failure to pay overtime and minimum wages violated the FLSA. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

34. Defendants did not act in good faith or with reasonable grounds for believing that their pay practices complied with the FLSA. 29 U.S.C. § 260.

**D. Individual Defendants' Operational Control**

35. Sousa Martinez was Plaintiff's immediate supervisor.

36. At all material times, Sousa Martinez: (a) hired Plaintiff; (b) set Plaintiff's hourly rate of pay; (c) set Plaintiff's work schedule, including the Saturday work; (d) assigned Plaintiff to job sites and directed his daily work; (e) supervised Plaintiff on the job sites; (f) controlled S&F Glass's payroll and decided whether, when, and how much Plaintiff would be paid, including the decisions not to pay

overtime and not to pay Plaintiff for his final workweek; and (g) had authority to discipline and discharge Plaintiff.

37. Sousa Martinez was involved in the day-to-day operations of S&F Glass and had operational control over significant aspects of its business, including the compensation of its employees.

38. At all material times, Fleitas, the spouse of Sousa Martinez, handled the administrative operations of S&F Glass, including its payroll. In that role, Fleitas processed employee pay, including the direct deposits through which Plaintiff was paid, and controlled the amounts and timing of wages paid to S&F Glass's employees, including Plaintiff.

39. Fleitas was involved in the day-to-day operations of S&F Glass and had operational control over significant aspects of its business, including the compensation of its employees.

**E. Computation of Unpaid Wages**

40. Plaintiff's regular rate of pay was $21.00 per hour. His overtime rate was $31.50 per hour, and the half-time overtime premium was $10.50 per hour.

41. From March 24, 2025, through August 21, 2026, a period of 74 workweeks not including his final workweek, Plaintiff worked approximately 50 hours each week Monday through Friday. In addition, beginning in April 2025, Plaintiff worked

two Saturdays per month of approximately 10 hours each, for approximately 34 Saturdays through August 2026.

42. Accordingly, during that period Plaintiff worked approximately 40 workweeks of 50 hours, with 10 overtime hours each, and approximately 34 workweeks of 60 hours, with 20 overtime hours each, for a total of approximately 1,080 overtime hours (40 × 10 = 400 hours, plus 34 × 20 = 680 hours).

43. Because Defendants paid Plaintiff only his straight-time rate for those overtime hours, Plaintiff is owed the unpaid half-time premium of approximately $11,340.00 (1,080 hours × $10.50), plus an equal amount of $11,340.00 as liquidated damages.

44. During his final workweek, August 24 through August 28, 2026, Plaintiff worked approximately 50 hours and was paid nothing. For that week, Plaintiff is owed under the FLSA: (a) the federal minimum wage for 40 hours, $290.00 (40 × $7.25); and (b) overtime compensation for 10 hours, $315.00 (10 × $31.50); totaling $605.00, plus an equal amount of $605.00 as liquidated damages. Plaintiff is further owed, under Florida law, the balance of his agreed straight-time wages for that week, $550.00 (40 × $21.00, less the $290.00 recoverable under the FLSA).

45. Plaintiff's unpaid wages and liquidated damages are summarized as follows:

| Component | Unpaid Wages | Liquidated Damages | Total |
|---|---|---|---|
| Overtime premium, 3/24/2025–8/21/2026 (1,080 hrs × $10.50) | $11,340.00 | $11,340.00 | $22,680.00 |
| Final week overtime, FLSA (10 hrs × $31.50) | $315.00 | $315.00 | $630.00 |
| Final week minimum wage, FLSA (40 hrs × $7.25) | $290.00 | $290.00 | $580.00 |
| Final week straight-time balance, Florida law (Count VII) | $550.00 | — | $550.00 |
| **TOTAL** | **$12,495.00** | **$11,945.00** | **$24,440.00** |

46. The foregoing amounts are good-faith estimates based on Plaintiff's recollection, because Defendants did not keep records of Plaintiff's hours and did not provide him with paystubs. The amounts exclude attorney's fees, costs, and interest, and Plaintiff reserves the right to revise them upon review of Defendants' records.

47. Defendants are jointly and severally liable to Plaintiff for the violations alleged below.

48. Plaintiff has retained undersigned counsel and is obligated to pay a reasonable fee for their services.

**COUNT I**
**FLSA OVERTIME, 29 U.S.C. § 207**
(Against S&F Glass)

49. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. At all material times, Plaintiff was an employee of S&F Glass, and S&F Glass was Plaintiff's employer and a covered enterprise under the FLSA.

51. From on or about March 21, 2025, through on or about August 28, 2026, including his final workweek, Plaintiff worked hours in excess of 40 in workweeks for S&F Glass.

52. S&F Glass failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207(a)(1).

53. S&F Glass's violation was willful.

54. As a direct result, Plaintiff has been damaged in the amount of his unpaid overtime compensation and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against S&F Glass for:

(a) unpaid overtime compensation for the three years preceding the filing of this Complaint;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT II**
**FLSA OVERTIME, 29 U.S.C. § 207**
(Against Sousa Martinez)

55. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

56. At all material times, Sousa Martinez was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of S&F Glass in relation to Plaintiff and had operational control over S&F Glass, including the compensation of its employees.

57. From on or about March 21, 2025, through on or about August 28, 2026, including his final workweek, Plaintiff worked hours in excess of 40 in workweeks.

58. Sousa Martinez failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207(a)(1).

59. Sousa Martinez's violation was willful.

60. As a direct result, Plaintiff has been damaged in the amount of his unpaid overtime compensation and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Sousa Martinez, jointly and severally with the other Defendants, for:

(a) unpaid overtime compensation for the three years preceding the filing of this Complaint;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT III**
**FLSA OVERTIME, 29 U.S.C. § 207**
(Against Fleitas)

61. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

62. At all material times, Fleitas was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) because she acted directly or indirectly in the interest of S&F Glass in relation to Plaintiff and had operational control over S&F Glass, including the compensation of its employees.

63. From on or about March 21, 2025, through on or about August 28, 2026, including his final workweek, Plaintiff worked hours in excess of 40 in workweeks.

64. Fleitas failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207(a)(1).

65. Fleitas's violation was willful.

66. As a direct result, Plaintiff has been damaged in the amount of his unpaid overtime compensation and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Fleitas, jointly and severally with the other Defendants, for:

(a) unpaid overtime compensation for the three years preceding the filing of this Complaint;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT IV**
**FLSA MINIMUM WAGE, 29 U.S.C. § 206**
(Against S&F Glass)

67. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

68. At all material times, Plaintiff was an employee of S&F Glass, and S&F Glass was Plaintiff's employer and a covered enterprise under the FLSA.

69. The FLSA requires employers to pay covered employees not less than $7.25 per hour for each hour worked. 29 U.S.C. § 206(a)(1)(C).

70. During his final workweek, ending on or about August 28, 2026, Plaintiff worked approximately 50 hours, and S&F Glass paid him no wages. S&F Glass thereby failed to pay Plaintiff the minimum wage for each of the first 40 hours he worked that week, in violation of 29 U.S.C. § 206(a).

71. S&F Glass's violation was willful.

72. As a direct result, Plaintiff has been damaged in the amount of his unpaid minimum wages and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against S&F Glass for:

(a) unpaid minimum wages;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT V**
**FLSA MINIMUM WAGE, 29 U.S.C. § 206**
(Against Sousa Martinez)

73. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

74. At all material times, Sousa Martinez was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest

of S&F Glass in relation to Plaintiff and had operational control over S&F Glass, including the compensation of its employees.

75. The FLSA requires employers to pay covered employees not less than $7.25 per hour for each hour worked. 29 U.S.C. § 206(a)(1)(C).

76. During his final workweek, ending on or about August 28, 2026, Plaintiff worked approximately 50 hours and was paid no wages. Sousa Martinez thereby failed to pay Plaintiff the minimum wage for each of the first 40 hours he worked that week, in violation of 29 U.S.C. § 206(a).

77. Sousa Martinez's violation was willful.

78. As a direct result, Plaintiff has been damaged in the amount of his unpaid minimum wages and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Sousa Martinez, jointly and severally with the other Defendants, for:

(a) unpaid minimum wages;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT VI**
**FLSA MINIMUM WAGE, 29 U.S.C. § 206**
(Against Fleitas)

79. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

80. At all material times, Fleitas was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) because she acted directly or indirectly in the interest of S&F Glass in relation to Plaintiff and had operational control over S&F Glass, including the compensation of its employees.

81. The FLSA requires employers to pay covered employees not less than $7.25 per hour for each hour worked. 29 U.S.C. § 206(a)(1)(C).

82. During his final workweek, ending on or about August 28, 2026, Plaintiff worked approximately 50 hours and was paid no wages. Fleitas thereby failed to pay Plaintiff the minimum wage for each of the first 40 hours he worked that week, in violation of 29 U.S.C. § 206(a).

83. Fleitas's violation was willful.

84. As a direct result, Plaintiff has been damaged in the amount of his unpaid minimum wages and is entitled to an equal additional amount as liquidated damages, plus reasonable attorney's fees and costs, under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Fleitas, jointly and severally with the other Defendants, for:

(a) unpaid minimum wages;

(b) an equal additional amount as liquidated damages;

(c) reasonable attorney's fees and costs under 29 U.S.C. § 216(b);

(d) post-judgment interest, and prejudgment interest in the event liquidated damages are not awarded; and

(e) such further relief as the Court deems just and proper.

**COUNT VII**
**UNPAID WAGES UNDER FLORIDA LAW**
(Against S&F Glass)

85. Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

86. Plaintiff and S&F Glass agreed that S&F Glass would pay Plaintiff $21.00 per hour for each hour he worked.

87. Plaintiff performed his obligations under that agreement, including by working approximately 50 hours during his final workweek, ending on or about August 28, 2026.

88. S&F Glass breached the agreement by failing to pay Plaintiff any wages for his final workweek.

89. As a direct result, Plaintiff has been damaged in the amount of his unpaid wages at the agreed rate, to the extent those wages are not recovered under Counts I through VI.

90. Plaintiff is entitled to recover his reasonable attorney's fees and costs under § 448.08, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against S&F Glass for:

(a) unpaid wages;

(b) prejudgment and post-judgment interest;

(c) reasonable attorney's fees and costs under § 448.08, Florida Statutes; and

(d) such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF LEAD COUNSEL

Pursuant to Local Rule 2.02(a), United States District Court for the Middle District of Florida, Plaintiff designates Alexis Mena-Glasgow, Esq., Florida Bar No. 117839, of SIMPSON & MENA, P.A., as lead counsel for Plaintiff. Lead counsel is responsible for this action and is a member in good standing of the Bar of this Court.

Dated: September 30, 2026.

Respectfully submitted,

By: /s/ Alexis Mena-Glasgowlexis Mena-Glasgow, Esq.
FL Bar: 117839
SIMPSON & MENA, P.A.
2250 SW 3rd Ave Ste 501
Miami, FL 33129
Phone: 305-912-7665
Email: alexis@simpsonmenalaw.com